FRANK ZORRILLA, SECRETARY OF LABOR OF PUERTO RICO, Plaintiff and Appellant, *v.* GRAND UNION OF PUERTO RICO, S.A., Defendant and Appellee.

No. R-65-8. Decided June 30, 1966.

*Manuel Janer Mendía* and *Alberto Pagán Pagán* for appellant. *McConnell, Valdés & Kelley* and *Cancio & Cancio* for appellee.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The parties have stipulated that Grand Union of Puerto Rico, S.A., during the period between May 3, 1959 and July 26, 1961, employed certain workers to work every week of six days from 6 to 7 p.m. from Monday to Friday, and

from 9 to 10 p.m. on Saturday, but without the total number of hours worked by each one of them exceeding eight hours daily or forty-eight hours a week, paying them said daily hour at the regular rate.

The contention of the Secretary of Labor of Puerto Rico is that such daily hour should be paid at double rate because it is thus expressly provided by Act No. 379 of 1948 to establish the working day in Puerto Rico. Grand Union of Puerto Rico, S.A., believes that it is not bound to pay said double rate, because it is thus permitted by Act No. 250 of May 9, 1950, as amended by Act No. 78 of June 13, 1953.

When Act No. 379 of May 15, 1948 was approved, § 553 of the Penal Code of Puerto Rico of 1937 was in force. It provided: "That all day Sunday, except when the 24th of December and the 1st and 5th of January fall on Sunday; on the first Monday in September (Labor Day) and the 4th of July; on all legal holidays from 12 a.m.; on all Saturdays from 9 p.m.; on all working days from 6 p.m., and on the 24th and 31st days of December, and the 5th day of January, of each year, from 10 p.m., commercial and industrial establishments shall remain closed to the public; and one hour after closing, no work of any kind shall be permitted the employees of said establishments . . ."—thereafter an extensive enumeration of the enterprises and establishments exempted from closing follows and this provision is added—"employees and clerks of enterprises and establishments exempted by law, and who render services on the basis of an annual monthly or weekly salary, or in any form other than for wages or piece work at a fixed price, shall be entitled to one day of rest for every six days of work, at full salary"; Act No. 289 of April 9, 1946 was also in force fixing a day of rest for each six (6) working days in behalf of the employees of commercial and industrial establishments, enterprises, and lucrative businesses *not subject to the provisions relative to the closing to the public of*

§ *553 of the Penal Code,* as subsequently amended, providing that all hours worked during the day of rest shall be paid for at a rate double the wage rate agreed upon for regular hours, and for other purposes, which provides: All employees of any commercial or industrial establishment, enterprise, or lucrative business not subject to the provisions of § 553 of the Penal Code of Puerto Rico, as subsequently amended, relative to the closing to the public, shall be entitled to one day of rest for every six (6) working days; for the purposes of this Act, one day of rest shall be understood as a period of twenty-four (24) consecutive hours; the provisions of this Act shall not be applicable to occasional or piece work; no employer shall deduct any sum from the salary of any employee for the day of rest established by this Act; any employer who employs or permits an employee to work on the day of rest established by this Act shall be obliged to pay said employee for the hours worked during such day of rest a rate double the salary rate agreed upon for regular working hours; for the purposes of this Act, employee shall be understood to mean any employee, laborer, clerk, workman, day laborer or person who works for an employer for a salary, wage, or any other compensation; Act No. 80 of May 5, 1931, as amended by Act No. 24 of April 15, 1935, and again by Act No. 418 of May 14, 1947, was also in force, § 1 of which provides: "The Commissioner of Labor is hereby authorized to grant permits to employers or owners of industrial and commercial establishments to employ workmen or employees during extra hours of the day or night, when, in the judgment of the said Commissioner, it may be necessary for the purpose of permitting said employers or owners to complete urgent and necessary works which must be finished within a determined time in shops, factories, or any other industrial or commercial establishment in Puerto Rico . . . . *Provided,* that for any extra time which the workmen or employees of said industrial or commercial es-

tablishment may work, when employers or owners have been duly authorized in accordance with the provisions of this Act, they shall be paid a double rate of wages for each hour, if the said workmen or employees have worked during that same day for a total period of eight or more hours, and a single rate of wages if they are workmen or employees who have not worked during the eight hours immediately preceding the period of extra hours."

Section 4 of Act No. 379 of May 15, 1948 which establishes the working day in Puerto Rico, provides for the payment of double time for hours worked in excess of the legal working day, fixes periods of rest, etc., which is the provision which apparently has created the conflict of construction in this case, is nothing more than a summarized reformulation of the laws, previously cited, using as radical the double compensation for extra hours in excess of the eight hours daily and forty-eight weekly hours. Said § 4 says: "Extra hours of work are: (a) The hours that an employee works for his employer in excess of eight hours during any period of twenty-four consecutive hours; (b) The hours that an employee works for his employer in excess of forty-eight hours during any week, unless the hours worked daily in excess of eight are paid at double rates; (c) The hours that an employee works for his employer in excess of the hours stipulated by the Commissioner of Labor in the public notice he shall give according to Section 3 hereof; (d) The hours that an employee works for his employer during the *days* or *hours* when the establishment in which he renders services should remain closed to the public by provision of law; *Provided, however*, That the hours worked by an employee in the service of his employer during the days or hours in which the establishment must remain closed to the public shall not be considered extra hours of work, when the employer has obtained from the Commissioner of Labor the permit required by Act No. 80 of May 5, 1931, as heretofore

or hereafter amended, and the total number of hours worked by the employee during said day does not exceed eight hours, and the total number of hours worked during the week does not exceed forty-eight hours; (e) The hours that an employee works for his employer during the day of rest heretofore or hereafter fixed by law in the case of businesses and industries not subject to the closing of their establishments; (f) The hours that an employee works for his employer in excess of such maximum working hours a day as the Minimum Wage Board may have fixed or may fix for the occupation, business, or industry in question; (g) The hours that an employee works for his employer in excess of the maximum number of working hours a day fixed in a collective labor agreement." Immediately following, § 5 of Act No. 379 provides that: "Every employer who employs or permits an employee to work during extra hours shall be obliged to pay him for each extra hour a wage rate equal to double the rate agreed upon for regular hours. . . ."

Singling out, from the rest of the problem, the provision of § 4 (d) of said Act No. 379 of 1948, there is no question that the first term contained in said subsection "the hours that an employee works for his employer during the *days* or *hours* when the establishment in which he renders services should remain closed to the public by provision of law"— is a reformulation of the prohibition of working during certain days—Sundays, Labor Day, 4th of July, half days of legal holidays—and during certain hours—Saturdays after 9 p.m., all working days from 6 p.m., and the 24th and 31st of December, and 5th of January of every year, from 10 p.m. —in addition to a clear and direct reference to § 553 of the Penal Code of Puerto Rico, this being the *legal provision* to which the first term, quoted above, refers, in force at the time Act No. 379 was approved.

Section 553, in the part which provides for the day of rest, is the one that begins to identify the prohibition of working

during certain days and after certain hours with the day of rest for every six days of work at full salary for the employees and clerks of the enterprises and establishments *subject to closing*. The provision which is to grant the same compensation to employees of the commercial and industrial establishments *not* subject to the closing clause is around the corner—Act No. 289 of April 9, 1946—the only difference between both statutes being that the employees of the commercial and industrial establishments subject to closing shall receive compensation at the regular rate in conformance with the salary stipulated, while the employees of commercial and industrial establishments shall receive compensation at double rate in addition to the regular salary. This difference is solved by Act No. 379 of May 15, 1948 upon providing in its § 4 subdivisions (d) and (e), that extra hours of work are (d) "the hours that an employee works for his employer during the days or hours when the establishment in which he renders services should remain closed to the public by provision of law"—reading it as the days and hours covered by § 553 of the Penal Code of 1937— and "the hours that an employee works for his employer during the day of rest heretofore or hereafter fixed by law in the case of businesses and industries not subject to the closing of their establishments," which extra hours shall be paid by the employer at an hourly wage rate equal to double the rate agreed upon for regular hours.

Now then, the prohibition of § 553 of the Penal Code, insofar as working days are concerned, contains two provisions which may or may not become one, depending upon a circumstance which we shall analyze secondly: (1) closing of the establishment to the public and (2) cessation of work of the employees one hour after closing. Everybody knows that this last hour is used in dry goods and perishable goods businesses in different tasks that cannot be carried out until the establishment is closed, such as putting the goods in order

by winding them in reels or putting them back in boxes, balancing day's accounting, revising purchase orders to see if there are any errors in the payment, cleaning the establishment, taking the necessary sanitary precautions to protect the perishable goods, taking security measures to prevent fires, carelessness in closing doors and windows, all these minute details and others which constitute the mercantile uses of the employment. That is the reason why all our closing laws have that hour of work behind closed doors to put an end to the commercial operations of the day.

 If said hour falls within the eight hours of the regular working day, although work is performed after closing, it constitutes a regular hour of work and not an extra hour. To constitute an extra hour it ought to be worked on holidays, during which establishments are not open during the whole day, or on working days after the eight regular hours of the legal working day have been worked. In this case the simultaneity arises between the closing of the establishment and the cessation of work of the employee or clerk or the work of an extra hour. But as long as the total number of hours worked by the employee during that day does not exceed eight hours and the total number of hours worked during the week does not exceed forty-eight hours, the hour worked after the closing of the establishment does not become an extra hour.

The judgment rendered by the Superior Court of Puerto Rico, San Juan Part on December 3, 1964, will be affirmed.

Mr. Justice Blanco Lugo and Mr. Justice Ramírez Bages concurred in the result.

—O—

MR. JUSTICE BLANCO LUGO, with whom MR. JUSTICE RAMÍREZ BAGES concurs, concurring.

San Juan, Puerto Rico, June 30, 1966

The defendant having expressly admitted that at the time of the filing of the complaint the workers in whose behalf the claim was filed had ceased working in their employment for a period of more than 3 years, the defense of extinguishment set up is proper, *Sec. of Labor* v. *Superior Court*, 91 P.R.R. 831 (1965) and the alleged extrajudicial claim as an interruptive means is inoperative.

I concur with the result.